UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ALI ABDISAMAD,<br>Personal representative of the<br>Estate of R.I.,<br><br>        Plaintiff<br><br>v.<br><br><br>CITY OF LEWISTON,<br>A municipality located in the<br>County of Androscoggin,<br>State of Maine,<br><br>And<br><br>STATE OF MAINE,<br>DEPARTMENT OF<br>AGRICULTURE, CONSERVATION,<br>AND FORESTRY<br>A department of the State of Maine,<br>located in Augusta, County of<br>Kennebec, State of Maine,<br><br>        Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT & DEMAND FOR JURY TRIAL**

NOW COMES the Plaintiff, by and through his attorney and respectfully demands trial by jury on all of his claims and causes so triable and complains against the Defendants as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction is invoked pursuant to Tile 28, United States Code, Section 1331 insofar as Plaintiff's causes of action raise federal questions under the Constitution, laws, treaties or statutes of the United States.

2. Venue is proper within this District pursuant to Tile 28, United States Code, Section 1391(a), insofar as a substantial part of the events or omissions giving rise to the claims asserted occurred within the District of Maine. The harm sustained by Plaintiff occurred in the District of Maine. Pursuant to Rule 9(a) of the Rules of this Court, this action is properly filed in Portland because this case arises in Androscoggin County.

**PARTIES**

3. Plaintiff is an individual residing in the City of Lewiston, County of Androscoggin, State of Maine and is R.I.'s father and personal representative of the estate of R.I.

4. Defendant City of Lewiston is a municipality located in Androscoggin County, State of Maine.

5. Defendant State of Maine Department of Agriculture, Conservation and Forestry is a Department within the State of Maine that is responsible for, among other things, the Maine State Parks.

**FACTUAL ALLEGATIONS**

6. On or about June 12, 2018, Defendant City of Lewiston held a school-sponsored field trip to Range Pond State Park in Poland, Maine for a group of seventh graders.

7. R.I. was a student on that trip.

8. The trip consisted of approximately 111 students and 11 adult "chaperones," all of whom were employed by the Lewiston School Department.

9. Upon arrival at Range Pond, the team leader discussed ground rules with the

students.

10. Defendant State of Maine Department of Agriculture, Conservation and Forestry did not offer or provide a lifeguard or other representative to discuss safety rules within the group.

11. Defendant State of Maine Department of Agriculture, Conservation and Forestry only provided one lifeguard at the beach area.

12. Sometime after 11:00 am a student reported to a chaperone that he could not locate R.I.

13. According to witnesses, the lifeguard on duty appeared not to know what to do in the situation and asked other chaperones to get in the water to look for R.I.

14. After rescue personnel arrived, they were able to locate R.I..

15. R.I. was taken to a local hospital where he was pronounced dead after arrival.

16. Upon information and belief that the failure of Defendants City of Lewiston and the Maine Department of Agriculture, Conservation and Forestry to follow their protocols, created a danger to R.I. from which they had a duty to protect him.

## COUNT I-DUE PROCESS VIOLATION
## CITY OF LEWISTON

17. Plaintiff repeats and realleges all of the allegations contained in paragraphs 1 through 16 above, as if set forth fully herein.

18. By its actions, the City of Lewiston created a significant danger to Plaintiff depriving him of due process of law as guaranteed by both the Maine and federal Constitutions.

19. Upon information and belief that the City of Lewiston violated its protocols and standards under the circumstances, creating such danger to Plaintiff.

20. The City of Lewiston's actions and deliberate indifference were so egregious and outrageous that they shock the contemporary conscience.

21. The City of Lewiston's deprival of due process caused Plaintiff conscious pain and suffering and ultimately death.

### COUNT II-DUE PROCESS VIOLATION
### STATE OF MAINE DEPARTMENT OF
### AGRICULTURE, CONSERVATION, AND FORESTRY

22. Plaintiff repeats and realleges all of the allegations contained in paragraphs 1 through 21 above, as if set forth fully herein.

23. By its actions, the State of Maine Department of Agriculture, Conservation and Forestry created a significant danger to Plaintiff depriving him of due process of law as guaranteed by both the Maine and federal Constitutions.

24. Upon information and belief that the State of Maine Department of Agriculture, Conservation and Forestry violated its protocols and standards under the circumstances, creating such danger to Plaintiff.

25. The State of Maine Department of Agriculture, Conservation and Forestry's actions and deliberate indifference were so egregious and outrageous that they shock the contemporary conscience.

26. The State of Maine Department of Agriculture, Conservation and Forestry's deprival of due process caused Plaintiff significant physical and emotional damages.

### COUNT III—WRONGFUL DEATH
### CITY OF LEWISTON

27. Plaintiff repeats and realleges all of the allegations contained in paragraphs 1 through 26 above, as if set forth fully herein.

28. R.I.'s death was caused by a wrongful act, neglect or the default of Defendant. City of Lewiston.

29. Defendant City of Lewiston's wrongful act, neglect or default is such as would, if death had not ensued, have entitled Plaintiff to maintain an action and recover damages in respect thereof.

30. As the result of Defendant City of Lewiston's actions, neglect or default causing R.I.'s death, Plaintiff sustained pecuniary injuries including reasonable expenses of medical, surgical and hospital care and treatment and funeral expenses.

31. R.I.'s relatives have also sustained the loss of comfort, society and companionship of R.I.

### COUNT IV-WRONGFUL DEATH
### STATE OF MAINE DEPARTMENT OF
### AGRICULTURE, CONSERVATION & FORESTRY

32. Plaintiff repeats and realleges all of the allegations contained in paragraphs 1 through 31 above, as if set forth fully herein.

33. R.I.'s death was caused by a wrongful act, neglect or the default of Defendant. State of Maine Department of Agriculture, Conservation & Forestry.

34. Defendant State of Maine Department of Conservation, Agriculture, Conservation & Forestry's wrongful act, neglect or default is such as would, if death had not ensued, have entitled Plaintiff to maintain an action and recover damages in respect thereof.

35. As the result of Defendant State of Maine Department of Agriculture, Conservation  & Forestry's actions, neglect or default causing R.I.'s death,

Plaintiff sustained pecuniary injuries including reasonable expenses of medical, surgical and hospital care and treatment and funeral expenses.

36. R.I.'s relatives have also sustained the loss of comfort, society and companionship of R.I.

WHEREFORE, Plaintiff respectfully demands judgment against Defendants in such amount as is reasonable under the circumstances for compensatory damages in an amount to be determined at trial with prejudgment interest thereon.

Date: April 25, 2019

Verne E. Paradie, Jr.
Bar No. 8929
217 Main Street, Suite 400
Lewiston, ME 04240
207-333-3583