UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| ALI ABDISAMAD, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>CITY OF LEWISTON, )<br>LEWISTON SCHOOL DEPARTMENT, )<br>and STATE OF MAINE, DEPARTMENT )<br>OF AGRICULTURE, CONSERVATION )<br>AND FORESTRY )<br>)<br>Defendants ) | No. 2:19-cv-00175-LEW |

**DECISION AND ORDER ON DEFENDANT STATE OF MAINE,
DEPARTMENT OF AGRICULTURE, CONSERVATION, AND FORESTRY'S
<u>MOTION TO DISMISS AMENDED COMPLAINT</u>**

Plaintiff Ali Abdisamad brings this action on behalf of his deceased son, R.I., against Defendants the City of Lewiston, the Lewiston School Department, and the State of Maine Department of Agriculture, Conservation and Forestry alleging claims arising from the death of R.I.[1] Am. Compl. (ECF No. 8). The matter is before me on Defendant State of Maine, Department of Agriculture, Conservation and Forestry's ("DACF") motion to dismiss all claims against it pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Mot. Dismiss Am. Compl. ("Mot. Dismiss") (ECF No. 17).

---

[1] Plaintiff filed his first complaint on April 25, 2019. (ECF No. 1). Plaintiff then filed a Motion to Amend the complaint, (ECF No. 6), but subsequently withdrew his motion, (ECF No. 7). On the same day, May 14, 2019, Plaintiff filed an Amended Complaint. (ECF No. 8). Plaintiff's amended complaint is now the operative pleading and Defendant's Motion to Dismiss the original complaint is moot. (ECF No. 12).

## FACTS

On June 12, 2018, the City of Lewiston and the Lewiston School department sponsored a field trip to Range Pond State Park in Poland, Maine for a group of seventh graders, which included R.I. Defendant DACF provided one lifeguard at the beach area. Tragically, R.I. drowned and rescue personnel were not able to resuscitate him.

## DISCUSSION

The Amended Complaint asserts two counts against DACF: (1) violation of R.I.'s due process rights, presumably advanced under 42 U.S.C. § 1983 and the Maine Civil Rights Act ("MCRA"), 5 M.R.S. § 4682 (Count II); and (2) wrongful death, presumably pursuant to 14 M.R.S. § 8104-C and 18-A M.R.S. § 2-804 (Count IV). Am. Compl. ¶¶ 23-27; 33-37.

In its motion, DACF argues that because it is a department of the State of Maine, it is insulated from Plaintiff's claims on sovereign immunity grounds, citing the Eleventh Amendment of the United States Constitution. Mot. Dismiss 4-6.

The Eleventh Amendment is "rooted in a recognition that the States, although a union, maintain certain attributes of sovereignty, including sovereign immunity." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993). Under the principle of sovereign immunity, unless a state affirmatively waives Eleventh Amendment protections and consents to suit in federal court, it is "immune from suit brought by a private party, regardless of the nature of the relief sought." *DeCotiis v. Whittemore*, 842 F. Supp. 2d 354, 364 (D. Me. 2012); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99–100 (1984). To be clear – this immunity insulates a

state from suit in federal court "on any claim, whether based in federal or state law." *Walker v. Nichols*, No. 1:13-CV-00259-GZS, 2013 WL 6018614, at *3 (D. Me. Nov. 13, 2013).

Sovereign immunity is an expansive principle that covers not only the state, but also agencies of the state and other entities that are an 'arm of the state.' *Poirier v. Massachusetts Dep't of Correction*, 558 F.3d 92, 97 (1st Cir. 2009) ("States and their agencies are entitled to sovereign immunity 'regardless of the relief sought.'" (quoting *Kentucky v. Graham,* 473 U.S. 159, 167 n. 14 (1985))); *Wojcik v. Massachusetts State Lottery Comm'n*, 300 F.3d 92, 99 (1st Cir. 2002) ("[I]mmunity extends to any entity that is an 'arm of the state.'" (citation omitted)).

To determine whether an entity is an "arm of the state," I am required to employ a two-step analysis. *Redondo Const. Corp. v. Puerto Rico Highway & Transp. Auth.*, 357 F.3d 124, 126 (1st Cir. 2004) (citing *Fresenius Med. Care Cardiovascular Resources, Inc. v. Puerto Rico & the Caribbean Cardiovascular Ctr. Corp*., 322 F.3d 56, 63 (1st Cir.2003), *cert. denied*, 540 U.S. 878 (2003) [hereinafter *Fresenius*]). First, I must consider "whether the state has indicated an intention – either explicitly by statute or implicitly through the structure of the entity – that the entity share the state's sovereign immunity." *Id.* In the absence of an "explicit indication," I must look to "structural indicators of the state's intention." *Id.* These structural indicators include factors such as: "how state law characterizes the entity, the nature of the functions performed by the entity, the entity's overall fiscal relationship to the [state] (as opposed to whether the [state] is liable for any judgment in the particular case at hand), and how much control the state exercises over the

operations of the entity." *Grajales v. Puerto Rico Ports Auth.*, 831 F.3d 11, 18 (1st Cir. 2016). If consideration of the structural indicators is inconclusive, I then consider the second step and "whether the state's treasury would be at risk in the event of an adverse judgment." *Redondo Const. Corp.*, 357 F.3d at 126.

Plaintiff's claims against DACF are claims against an arm of the state of Maine. As established in statute and as recognized in Plaintiff's complaint, DACF is a "cabinet-level department" tasked with the mission of "serv[ing] as a steward of Maine's agricultural and natural resources." 7-A M.R.S. §§ 201, 202; *see also* Am. Compl. ¶ 6. DACF was not created to be "independent and separate," *see Fresenius,* 322 F.3d at 68; instead, as Plaintiff notes, it is a department "within the State of Maine," Am. Compl. ¶ 6. As an agency of the State of Maine, DACF is entitled to sovereign immunity. *See, e.g., Johnson v. Rodriguez*, 943 F.2d 104, 108-09 (1st Cir. 1991) (concluding without additional analysis that the Massachusetts Commission Against Discrimination (MCAD), "a state agency," is "an arm of the Commonwealth of Massachusetts" immune from suit under Section 1983); *Hill-Spotswood v. Mayhew*, No. 1:14-CV-00206-GZS, 2015 WL 403931, at *6 (D. Me. Jan. 29, 2015) (likewise concluding that the State of Maine Department of Health and Human Services "is a governmental entity and an 'arm of the state'" entitled to sovereign immunity); *Flood v. Maine Dep't of Corr.*, No. 1:11-CV-270-DBH, 2012 WL 5389533, at *9 (D. Me. Aug. 24, 2012), *report and recommendation adopted*, No. 1:11-CV-00270-NT, 2012 WL 5389529 (D. Me. Nov. 2, 2012) (confirming that the Maine Department of Corrections, as a state agency, "is not, as a matter of law, amenable to suit pursuant to section 1983, whether for damages or declaratory or injunctive relief").

Furthermore, Plaintiff has failed to allege facts to indicate that DACF has waived its entitlement to sovereign immunity. Eleventh Amendment immunity can be waived in three narrow circumstances: "(1) by a clear declaration that it intends to submit itself to the jurisdiction of a federal court or administrative proceeding, (2) by consent to or participation in a federal program for which waiver of immunity is an express condition, or (3) by affirmative conduct in litigation." *New Hampshire v. Ramsey*, 366 F.3d 1, 15 (1st Cir. 2004) (internal citations omitted). The State of Maine has explicitly refused to waive Eleventh Amendment protections, 14 M.R.S. § 8118, and its "general waiver of sovereign immunity" subjecting it to suit in Superior Court under the Maine Civil Rights Act, 5 M.R.S. § 4682(2), and the Maine Tort Claims Act, 14 M.R.S. § 8106, is "not enough to waive the immunity guaranteed by the Eleventh Amendment." *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985). As stated by the Supreme Court, "a State does not consent to suit in federal court merely by consenting to suit in the courts of its own creation." *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 676 (1999). DACF's litigation conduct has reaffirmed this refusal to waive sovereign immunity or to submit to the jurisdiction of this court: it filed this motion explicitly asserting its sovereign immunity and contesting jurisdiction. *See Ramos-Pinero v. Puerto Rico*, 453 F.3d 48, 52 (1st Cir. 2006) (concluding that "[f]iling a motion to dismiss that specifically asserts Eleventh Amendment immunity" can hardly be viewed as an act that

"evince[s] a clear choice to submit [the state's] rights for adjudication by the federal courts" (citation and quotation marks omitted)).[2]

## CONCLUSION

Plaintiff's claims against DACF are barred from proceeding in this Court by the Eleventh Amendment, and I therefore **GRANT** Defendant DACF's Motion to Dismiss (ECF No. 17) and dismiss the claims against DACF for lack of jurisdiction.[3]

**SO ORDERED.**

Dated this 20th day of June, 2019.

/s/ Lance E. Walker
**LANCE E. WALKER**
**UNITED STATES DISTRICT JUDGE**

---

[2] Even if the State had waived its sovereign immunity, Plaintiff would in any event fail to state a claim for relief against DACF under 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 66, 71 (1989) (holding that "a State nor its officials acting in their official capacities are 'persons' under § 1983" and confirming that "Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity"); *Nieves–Marquez v. Puerto Rico*, 353 F.3d 108, 124 (1st Cir. 2003) ("No cause of action for damages is stated under 42 U.S.C. § 1983 against a state, *its agency*, or its officials acting in an official capacity." (emphasis added)).

[3] *See Brait Builders Corp. v. Massachusetts*, *Div. of Capital Asset Mgmt.*, 644 F.3d 5, 12 (1st Cir. 2011).