UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| ALI ABDISAMAD, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00175-LEW |
| | ) | |
| CITY OF LEWISTON, | ) | |
| LEWISTON SCHOOL DEPARTMENT, | ) | |
| and STATE OF MAINE, DEPARTMENT | ) | |
| OF AGRICULTURE, CONSERVATION | ) | |
| AND FORESTRY | ) | |
| | ) | |
| Defendants | ) | |

**DECISION AND ORDER ON DEFENDANT CITY OF LEWISTON'S
MOTION TO DISMISS AMENDED COMPLAINT**

Plaintiff Ali Abdisamad filed this action on behalf of his deceased son, R.I., against Defendants the City of Lewiston, the Lewiston School Department, and the State of Maine Department of Agriculture, Conservation and Forestry alleging claims arising from the death of R.I. The matter is before me on a motion to dismiss filed by the City of Lewiston, which motion has been joined by the Lewiston School Department.[1] Mot. Dismiss Am. Compl. (ECF No. 22); Sch. Dep't. Response in Support of Motion (ECF No. 25). For reasons that follow, the motion is granted.

---

[1] Previously, I dismissed Plaintiff's claims against the State of Maine Department of Agriculture, Conservation and Forestry because the Eleventh Amendment entitled the Department to dismissal of an action for damages filed in federal court. *Abdisamad v. City of Lewiston*, No. 2:19-CV-00175-LEW, 2019 WL 2552194, at *1 (D. Me. June 20, 2019).

## FACTS

The following facts are drawn from Plaintiff's amended complaint. I accept as true the Plaintiff's well-pleaded allegations and will draw all reasonable inferences in the Plaintiff's favor. Fed. R. Civ. P. 12(b)(6); *Washington Legal Found. v. Massachusetts Bar Found.*, 993 F.2d 962, 971 (1st Cir. 1993); *Sanchez v. Pereira–Castillo*, 590 F.3d 31, 41 (1st Cir. 2009). I will reject "unsupported conclusions or interpretations of law." *Washington Legal Found.*, 993 F.2d at 971.

On June 12, 2018, the City of Lewiston and the Lewiston School Department sponsored a field trip to Range Pond State Park in Poland, Maine for a group of seventh graders. The field trip involved approximately 111 students and was chaperoned by 11 adults employed by the School Department. When the group arrived at the park, the team leader discussed ground rules with the students. In addition to the chaperones, one lifeguard employed by the Department of Agriculture, Conservation and Forestry was also present. Am. Compl. ¶¶ 7, 9-12.

Plaintiff's minor son, R.I., participated in the field trip. Sometime after 11:00 a.m., another student reported that R.I. was missing. The lifeguard asked chaperones to enter the pond and look for R.I. Rescue personnel who arrived on the scene were able to locate R.I., but efforts to resuscitate R.I. ultimately failed. *Id.* ¶¶ 8, 13-16.

## DISCUSSION

Plaintiff seeks to hold the City of Lewiston and its School Department liable in damages for deprivation of R.I.'s civil rights, pursuant to 42 U.S.C. § 1983 and the Maine Civil Rights Act, 5 M.R.S. § 4682 ("Count I – Due Process Violation"); and for "wrongful

death," pursuant the Maine wrongful death statute, 18-A M.R.S. § 2-804, and the Maine Tort Claims Act, to 14 M.R.S. § 8104-C ("Count III – Wrongful Death").

In support of the civil rights claim, Plaintiff asserts that the City and School Department failed to follow unidentified "protocols" and thereby "created a danger to R.I. from which they had a duty to protect him." *Id.* ¶ 17. Plaintiff also contends the City and School Department engaged in unidentified "actions and deliberate indifference" that were "so egregious and outrageous that they shock the contemporary conscience." *Id.* ¶ 21. [2]

Through the motion to dismiss, the City Defendants[3] argue that Plaintiff's amended complaint fails to allege a plausible basis for relief. Pursuant to Federal Rule of Civil Procedure 12, a defendant may assert that a plaintiff's complaint "fail[s] to state a claim upon which relief can be granted," and thereby attempt to obtain an order of dismissal at or near the outset of the litigation. Fed. R. Civ. P. 12(b)(6). To avoid dismissal, a plaintiff's complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the allegations do not need to be "detailed" to show entitlement to relief, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), "something beyond the mere possibility of loss causation must be alleged." *Id.* at 557–58. "Factual allegations must be enough to raise a right to relief above the speculative

---

[2] Presumably, Plaintiff means to allege that the adults on the scene (rather than the entity defendants) failed to follow protocols and standards established by the City or the School Department, and otherwise engaged in unconscionable conduct.

[3] The City of Lewiston and its School Department are, for all practical purposes related to the merits of the motion to dismiss, in the same position. Both defendants are alleged to be liable based entirely on the acts or omissions of a team leader and 11 adult chaperones employed by the School Department.

level," *id.* at 555, such that a basis for liability appears "plausible." *Id.* at 556. This standard "requires more than labels and conclusions." *Id.* at 555.

I will consider the claims in turn, mindful that a motion to dismiss is not a crucible in which to resolve the merits, but rather a means to test whether Plaintiff has alleged "sufficient facts to show that [s]he has a plausible entitlement to relief." *Sanchez*, 590 F.3d at 41.

### A. Federal Civil Rights Claim – Substantive Due Process

Plaintiff's first cause of action is captioned as a claim for deprivation of due process. The due process claim is necessarily a claim for deprivation of "substantive due process." [4] In support of the claim, Plaintiff alleges, "upon information and belief," that Defendants did not observe some unspecified "protocols and standards under the circumstances, creating [the] danger to Plaintiff." Am. Compl. ¶ 20. Plaintiff further alleges that Defendants' "actions and deliberate indifference were so egregious and outrageous that they shock the contemporary conscience." *Id.* ¶ 21.

In its substantive component, the Due Process Clause protects persons from deprivations of life, fundamental[5] liberty interests, or property, regardless of the procedure employed, where the deprivation results from a transgression "so extreme and egregious

---

[4] Due process claims are either procedural or substantive. *DePoutot v. Raffaelly*, 424 F.3d 112, 118 (1st Cir. 2005). The claim in question here cannot be based on "procedural" due process because no procedure could ever justify the loss of life at issue in this civil action and, *a fortiori*, no government procedure is under review here.

[5] *See*, *generally*, *Washington v. Glucksberg*, 521 U.S. 702, 719-21 (1997) (explicating the concept of a fundamental liberty interests).

4

as to shock the contemporary conscience." *DePoutot v. Raffaelly*, 424 F.3d 112, 118 (1st Cir. 2005). *See also Gonzalez-Fuentes v. Molina*, 607 F.3d 864, 880 & n.13 (1st Cir. 2010).

Plaintiff's due process allegations do not state a plausible claim. Plaintiff's allegation of deliberate indifference and outrageous conduct is both speculative and conclusory. Defendants are left to guess why the citizens of Lewiston would be liable for the violation of a constitutional right or even who among the adults on hand could be said to have engaged in a conscience-shocking or outrageous act. The allegations in this case by no means suggest that anyone took a deliberate course of action (or inaction) to deprive R.I. of his life, and Plaintiff does not argue otherwise. Instead, Plaintiff contends the unknown circumstances of R.I.'s death, which Plaintiff describes as failures to follow protocols and standards, were so extreme and outrageous that the contemporary conscience should be shocked. The conscience-shocking standard is an extremely high standard to meet, and it is not met by these conclusory allegations. On these allegations one would have to engage in speculation to imagine a scenario involving conscience-shocking behavior, and the very need for speculation establishes that the claim is not plausible in its current form.

While it is beyond tragic that R.I. drowned on the school-sponsored field trip, there are no factual allegations that reveal any conscience-shocking conduct on the part of the City Defendants' team leader or the other chaperones. Moreover, even the failure to observe protocols and standards – assuming the alleged failure were fleshed out so one could understand the protocols and standards in question – would tend to demonstrate, at most, negligence. Substantive due process claims under § 1983 must be based on a

5

deprivation of constitutional magnitude; a failure to observe the standard of care of a reasonable person under the circumstances is not enough. *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998); *DePoutot*, 424 F.3d at 118. The fact that there is nothing in the amended complaint that would permit the reader to contemplate whether the case involves negligence or conscience-shocking conduct demonstrates that Plaintiff has failed to state a substantive due process claim.

Plaintiff argues that none of the foregoing points justifies dismissal because his amended complaint contains facts that fall into a "state created danger exception." [6] Pl.'s Obj. at 1, citing *Irish v. Maine*, 849 F.3d 521 (1st Cir. 2017). The state-created danger theory does not relieve a plaintiff of the burden of setting forth factual allegations that depict a scenario involving conscience-shocking behavior. *Irish*, 849 F.3d at 526. In fact, the *Irish* opinion tends more to refute Plaintiff's position than support it, because it illustrates the sort of beyond-the-pale scenario that is needed to state a plausible claim, even in the context of the notice-pleading standard. The scenario described in Plaintiff's amended complaint does not come close to divulging that any person over whom the City

---

[6] The state-created danger theory is described as an exception because the default rule is that the Due Process Clause does not impose on governmental actors an affirmative duty to protect persons from harm. *Rivera v. Rhode Island*, 402 F.3d 27, 34 (1st Cir. 2005).

> "The Clause is phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security," *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 195, because "[t]he Framers were content to leave the extent of governmental obligation in the latter area to the democratic political processes," *id.* at 196.

*Id.*

of Lewiston might bear supervisory responsibility[7] engaged in acts or omission that exposed R.I. to a special hazard from which it owed a special duty of protection.[8] Consequently, the allegations do not raise a plausible state-created danger claim.

### B. Maine Civil Rights Claim – Substantive Due Process

"The [Maine Civil Rights Act], which provides a general remedy for violations of federal and state constitutional and statutory rights, is 'patterned' after Section 1983. As such, disposition of a claim under Section 1983 controls a claim brought under MCRA." *Jackson v. Town of Waldoboro*, 751 F.Supp.2d 263, 275 (D. Me. 2010) (citations omitted). For the reasons set forth above, to the extent Count I is premised on the MCRA, Plaintiff fails to state a claim.

### C. Maine Wrongful Death Statute

The City Defendants do not argue that Plaintiff has failed to state a wrongful death claim in Count III. However, they ask for dismissal of the claim without prejudice for lack of jurisdiction. With the dismissal of Plaintiff's federal claim, there is no longer a claim in the action that is within the Court's original jurisdiction. Given that the case is still in the pleading stage and the matter now consists of a solitary state law claim, I decline to

---

[7] As a municipal defendant, the City is not automatically liable for constitutional deprivations imposed by its employees. To succeed on a civil rights claim against a municipal defendant based on the conduct of an employee, "a plaintiff must show that the violation occurred as a result of the municipality's 'policy or custom.'" *Freeman v. Town of Hudson*, 714 F.3d 29, 38 (1st Cir. 2013) (quoting *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 694 (1978)). Plaintiff's allegation that the team leader and chaperones failed to observe municipal protocols does not tend to demonstrate that their conduct was the result of a municipal policy or custom.

[8] The relative hazard presented to children by Range Pond was inherent in the field trip setting. Nothing in the amended complaint suggests the hazard was extreme, and there were several adults on hand to guard against the hazard in question. There is no allegation that would tend to establish that any chaperone did anything to exacerbate the hazard for R.I., let alone engage in anything that could fairly be regarded as conscience-shocking behavior.

7

continue exercising supplemental jurisdiction and dismiss the state law wrongful death claim without prejudice to Plaintiff's ability to file the claim in state court. 28 U.S.C § 1367(c)(3); *Marrero-Gutierrez v. Molina*, 491 F.3d 1, 7 (1st Cir. 2007).

## CONCLUSION

The City Defendants' motion to dismiss (ECF No. 22) is **GRANTED**. Plaintiff's federal and state civil rights claims based on substantive due process (Count I) are dismissed with prejudice. Plaintiff's wrongful death claim (Count III) is dismissed without prejudice for want of jurisdiction.

**SO ORDERED.**

Dated this 23rd day of July, 2019.

/S/ Lance E. Walker
**LANCE E. WALKER**
**UNITED STATES DISTRICT JUDGE**